R.I. Interim Bankr. Form W (Last rev. 06/06)
*See, LBR 3015-1*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

# CHAPTER 13 PLAN and COVER SHEET

Filing Date: **03/26/2008**

Debtor: **Ussumane N. Boque**

SS#: **2929**

Address: **58 W. Cole St**
**Apt #2**
**Pawtucket RI 02860**

Debtor's Counsel: **Janet J. Goldman, Esq.**

Address: **Janet J. Goldman, Esq.**
**51 Jefferson Blvd.**
**Suite 7**
**Warwick, Rhode Island 02888**

Telephone #: **401-785-2300**

Facsimile #: **401-785-1820**

**Attached to this cover sheet is the Chapter 13 Plan filed by the Debtor(s) in this case. This Plan sets out the proposed treatment of the claims of creditors. The claims are set forth in the bankruptcy schedules filed by the Debtor(s) with the Bankruptcy Court. Notwithstanding the scheduling of your claim by the Debtor(s), in order to participate in the distribution under the plan, you MUST file a proof of claim by the claims bar date contained in the § 341 notice.** *See below*.

**You will receive a separate notice from the Bankruptcy Court of the scheduled creditors' meeting pursuant to 11 U.S.C. § 341. That notice will also establish the bar date for filing Proofs of Claims, as well as the date scheduled for the hearing on confirmation of the Debtor(s) chapter 13 plan. Pursuant to Local Bankruptcy Rule 3015-3, any objections to confirmation of a chapter 13 plan shall be filed no later than seven (7) days before the hearing date on confirmation.**

# CHAPTER 13 PLAN

BK No. _____

**Debtor(s) (H):** **Ussumane N. Boque**  SS#: **2929**

Term of the Plan: **36** Months

Plan Payment: Debtor(s) to pay monthly: $ **1,450.00**

## I. SECURED CLAIMS

### A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

Creditor Description of claim (pre-Amount of claim petition arrears, purchase money, etc.)

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **Countrywide (Mortgage Arrears)** | **58 W. Cole Street Pawtucket, RI 02860** | $ **41,000.00** |
| **First Franklin Loan Services (Mortgage Arrears)** | **58 W. Cole Street Pawtucket, RI 02860** | $ **7,327.09** |
| Total of secured claims to be paid through the Plan | | $ **48,327.09** |

### B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

Creditor Description of claim

| Creditor | Description of Claim |
|---|---|
| **Bristol County Savings Bank** | **2006 Subaru VIN 3461** |
| **Countrywide** | **58 W. Cole Street Pawtucket, RI 02860** |
| **First Franklin Loan Services** | **58 W. Cole Street Pawtucket, RI 02860** |

## II. PRIORITY CLAIMS

Creditor Description of Claim

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **NONE** | | $ |

**DOMESTIC SUPPORT OBLIGATIONS**    **Check here if NONE** ☑

Description of Obligation

| Creditor | Description of Obligation | Amount |
|---|---|---|
| **NONE** | | $ |

Total of priority claims to be paid through the plan $ **0.00**

In re: **Ussumane N. Boque**              BK No. _____

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the Plan): $ **274.00**
   (to be paid in first 12 months of Plan)

B. Miscellaneous fees:

   Creditor Description of Claim

   | Creditor | Description of claim | Amount of claim |
   |---|---|---|
   | NONE | | $ 0.00 |

C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission.

In the event that the trustee's commission is less than 10%, the additional funds collected by the Trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

## IV. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **100.00**% of their claims.

A. General unsecured claims: $ **64.82**

B. Undersecured claims arising after lien avoidance/cramdown:

   Creditor Description of Claim

   | Creditor | Description of claim | Amount of claim |
   |---|---|---|
   | NONE | | $ |

   Total of A + B general unsecured claims: $ **64.82**

   C. Multiply total by percentage of dividend: $ **64.82**

   (Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower/student loan, etc.):
Creditor Description of Claim

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

Total amount of separately classified claims

payable at %:                $ _____

## V. OTHER PROVISIONS

 A. Liquidation of Assets to be used to Fund Plan:

In re: **Ussumane N. Boque**　　　　　　　　　　　　　　　BK No. _____

B. Modification of Secured Claims:

Set forth details of modifications below or in attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the Plan (inclusive of interest) should be set forth in Section I of this Plan. The Debtor must also file a motion pursuant to R.I. LBR 3015-2 to modify the secured claim.

| Creditor | Modification | Amount secured claim |
|---|---|---|
| **NONE** | | |

C. Additional Miscellaneous provisions:
**Tax Refunds to be paid into plan**

## VI. CALCULATIONS OF PLAN PAYMENT

a.  Secured claims (Section I-A Total):　　　　　　　$ **48,327.09**

b.  Priority claims (Section II Total):　　　　　　　　$ **0.00**

c.  Administrative claims (Section III A + B Total):　$ **274.00**

d.  General unsecured claims (Section IV-C Total):　$ **64.82**

e.  Separately classified unsecured claims　　　　　$ **0.00**

(Section IV-D Total):

f.  Total of (a) through (e) above:　　　　　　　　　$ **48,665.91**

g.  Divide (f) by .90 for total cost including Chapter 13 trustee's fee (this represents the total amount to be paid into the Chapter 13 plan):

　**Total Cost of Plan:**　　　　　　　　　　　　　$ **56,898.00**

h.  Divide (g) Cost of Plan by Term of Plan:　　　　**36** months

i.  Round up to nearest dollar:
　**Monthly Plan Payment:**　　　　　　　　　　　$ **1,450.00**

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court orders otherwise, a Debtor shall commence making the payments proposed by a plan within thirty (30) days after the Plan is filed.

## LIQUIDATION ANALYSIS

I.  Real Estate:

In re: **Ussumane N. Boque**  BK No. _____

| | | |
|---|---|---|
| Address | Fair Market Value | Recorded Liens (Schedule D) |
| **58 W. Cole Street** | $ **350,000.00** | $ **286,000.00** |
| **Pawtucket, RI 02860** | | |

Total Net Equity for Real Property: $ **$ 64,000.00**

Less Exemptions (Schedule C):   $ **64,000.00**

Available Chapter 7:                $ **0.00**

II. Automobile (Describe year, make and model):

**2006 Subaru**    Value $ **18,500.00**    Lien $ **$17,000.00**    Exemption $ **1,500.00**
**VIN 3461**

Net Value of Equity :   $ **1,500.00**

Less Exemptions (Schedule C):  $ **1,500.00**

Available Chapter 7:    $ **0.00**

III. All Other Assets (all remaining items on Schedule B):
(Itemize as necessary)

Value: $ **4,360.00**        Less Exemptions (Schedule C):   $ **3,350.00**

Available Chapter 7:    $ **0.00**

**SUMMARY (Total amount available under Chapter 7) --** calculated based upon Net Equity (I and II) plus Other Assets (III) less any claimed exemptions:

**TOTAL AMOUNT AVAILABLE UNDER CHAPTER 7:**    $ **0.00**

Additional Comments regarding Liquidation Analysis:


Pursuant to the R.I. LBR 3015-1(b), the Debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly.

**/s/Janet J. Goldman**                **3/26/2008**
**Janet J. Goldman, Esq.**             Date
Debtor's counsel

Address: **Janet J. Goldman, Esq.**
         **51 Jefferson Blvd.**
         **Suite 7**
         **Warwick, Rhode Island 02888**

Telephone #:  **401-785-2300**

I/We declare under the penalties of perjury that the foregoing representations of fact are true and correct to the best of our knowledge and belief.

In re:   **Ussumane N. Boque**                                              BK No. _____

**s/ Ussumane N. Boque**                                                    **3/26/2008**
 **Ussumane N. Boque**                                                       Date
 Debtor